**HOWARD LAW, PC**
VINCENT D. HOWARD (SBN 232478)
vhoward@howardlawpc.com
GREGORY H. D. ALUMIT (SBN 257124)
galumit@howardlawpc.com
2099 S. State College Blvd. Suite 360
Anaheim, CA 92806
Tel.: (800) 872-5925
Fax: (888) 533-7310

*Attorneys for Plaintiffs*

**MAYER BROWN LLP**
Evan Wooten (SBN 247340)
*ewooten@mayerbrown.com*
350 S. Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Tel. (213) 229-9500
Fax: (213) 625-0248

**MAYER BROWN LLP**
Debra Bogo-Ernst (Admitted *Pro Hac Vice*)
*dernst@mayerbrown.com*
Michael Bornhorst (*Pro Hac Vice* Application to follow)
*mbornhorst@mayerbrown.com*
71 S. Wacker Dr.
Chicago, IL 60606-7463
Tel: (312) 782-0600
Fax: (312) 701-7711

Attorneys for Defendant
CITIMORTGAGE, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

GREGORY P. STOKES and MARIAN N. STOKES,

Plaintiffs,

v.

CITIMORTGAGE, INC. and DOES 1-10, inclusive,

Defendants.

**CASE NO.**: 8.16-cv-01121 BRO (JPRx)

*Hon. Beverly Reid O'Connell*
*Hon. Jean P. Rosenbluth, Magistrate Judge*

**STIPULATED PROTECTIVE ORDER**

Complaint Filed: June 16, 2016
Trial Date: September 12, 2017

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

**1. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Specifically, the discovery potentially includes, but is not limited to: information maintained in confidence relating to defendant Citimortgage, Inc. and other non-parties, the disclosure of which could place them at a competitive disadvantage; and deposition testimony from corporate representatives regarding the servicing of Plaintiffs' loans. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited categories of information or items identified in Section 2.3, *infra*. The parties further acknowledge that if they wish to seek protection for additional categories of information in the future, they first will request to modify this Stipulated Protective Order and no modification of this Stipulated Protective Order shall have the force or effect of a Court order until and unless the Court approves the modification. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Central District Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. This Stipulated Protective Order does not modify any of the relevant procedures set forth in the Civil Local Rules.

**2. DEFINITIONS**

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (as well as their support

staffs).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" information or items: For the purposes of this Order, "Confidential" information or items means information that qualifies as such under applicable law, including:

(a) Proprietary guides and policy manuals, including, but not limited to, any of Defendant's loan modification guides, loan parameters, matrices and guideline eligibility notices applicable to the Plaintiffs' loans.

(b) Information that constitutes a trade secret in accordance with Cal. Civil Code § 3426.1;

(c) Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party;

(d) Information otherwise generally unavailable to the public; and

(e) Any other information that qualifies for protection under standards developed under Fed. R. Civ. P. 26(c), including but not limited to, information subject to federal or state privacy rights and information protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Defendant seeks protection from unrestricted disclosure of this Confidential information to avoid the harm of competitive disadvantage of disclosure of this information to competitors and other contracting parties and potential contracting parties in the industry. Defendant further seeks protection from unrestricted disclosure in order to avoid violating contractual confidentiality provisions.

2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 House Counsel: attorneys who are employees of a Party.

2.10 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a current employee of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 Professional Vendors: persons or entities, including their employees and subcontractors, that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) to a Party and their employees and subcontractors.

**3. SCOPE**

This Order does not apply to information, Protected Material or otherwise, presented at court proceedings and/or trial. The protections conferred by this

Stipulated Protective Order apply to information exchanged in discovery. The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4. DURATION**

This Order applies only to information exchanged in discovery. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party that produced the Protected Material at issue agrees otherwise in writing or a court order otherwise directs. At the appropriate time, the parties will seek a separate order for other proceedings, such as pre-trial and post-judgment matters.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Designating Party must take reasonable care to designate for protection only that Discovery or Disclosure Material that the Party reasonably believes to qualify for protection under this Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for the protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2 (a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated at the time the material is disclosed or produced. However, if information which otherwise qualifies for protection under this order is produced or disclosed without the proper designation, the producing party shall have seven (7)

days from production or disclosure to make the appropriate designation. Nothing in this Order concerning designation for protection, however, shall be interpreted as controlling the form of production of any material by any Party or non-party.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains Protected Material.

(b) for testimony given in deposition, that the Party or non-party offering or sponsoring the testimony take reasonable steps to identify on the record, before the close of the deposition, the specific identity or the scope of all Protected Materials in such testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to thirty (30) days after delivery of the deposition transcript to identify the specific portions of the testimony as to which

protection is sought. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days after delivery of the deposition transcript shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3 Inadvertent Failures to Designate. If any Confidential information is inadvertently produced without being marked appropriately as Protected Material in accordance with this Order, the Producing Party may thereafter designate such material(s) as Confidential and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality.

If a Party inadvertently produces information that it later discovers, or in good faith later asserts, to be subject to any legal privileges, including but not limited to, the attorney-client privilege or work product doctrine, or is otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protections. In these circumstances, the Producing Party must promptly notify all Parties in writing of the inadvertent production and the basis for the claim of privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information. Within five (5) days of receiving such notification, and in compliance with the receiving parties' ethical obligations under the law, all Receiving Parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege

asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof. However, should a Receiving Party contest the applicability of a privilege asserted with respect to an inadvertently produced document which the Receiving Party has already reviewed, the Receiving Party may temporarily retain the document or documents at issue, segregated and not further copied or disseminated, for the sole purpose of contesting the applicability of the privilege asserted. Within two (2) business days of the issuance of a court order deeming the contested documents at issue privileged, or protected from production, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's designation of Protected Material is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a designation of Protected Material by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's designation of Protected Material must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the designation of Protected Material was not proper and must give the Designating Party an opportunity to review the Protected Material at issue, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. A Party electing to challenge the designation of material as "CONFIDENTIAL" must comply with the procedure established in Civil Local Rules 37-1 and 37-2.

The burden of persuasion in any such challenge shall be on the Designating Party. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 (FINAL DISPOSITION), below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" which is attached as Exhibit A;

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) mediators and their staff to whom disclosure is reasonably necessary for this litigation;

(g) deponents to whom disclosure is reasonably necessary, provided they execute the Agreement attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by email and/or fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case a reasonable opportunity to try to protect its competitive or confidentiality interests, or its rights or obligations, in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in this Stipulated Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

**9. UNAUTHORIZED DISCLOSURE OR USE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Information designated as "CONFIDENTIAL" under this Stipulated Protective Order may not be used by any Party or its counsel for any purpose unrelated to the above-captioned action.

**10. FILING PROTECTED MATERIAL**

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the Parties shall publicly file a redacted version of the motion and supporting papers. This Order is entered into without prejudice to

the right of any Designating Party or non-party to knowingly waive the applicability of this order to any Protected Materials to file papers that contain, reference, or attach such Protected Materials with the Court or for any other purpose.

Prior to filing papers with the Court that contain, reference, or attach Protected Materials, a Receiving Party may request, in writing, by specific identification of the Protected Materials proposed to be filed, that the Designating Party waive the applicability of this order to such Protected Materials, either in whole or in part (such as by redaction of Confidential information in such Protected Materials), so as to eliminate the need for an application to file under seal. The Designating Party shall be under no obligation to accept such a request, in whole or in part, but shall respond to any such request within five (5) calendar days.

**11. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival

copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future, however, no such modification shall have the force or effect of a Court order until and unless the Court approves the modification.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

SO STIPULATED:

DATED: January 19, 2017

**HOWARD LAW PC**

/s/ Vincent D. Howard
Vincent D. Howard
Gregory H. D. Alumit

*Attorneys for Plaintiffs*

DATED: January 19, 2017

**MAYER BROWN LLP**

/s Evan M. Wooten
Evan Wooten
Debra Bogo-Ernst (admitted *pro hac vice*)
Michael Bornhorst (*pro hac pending*)

*Attorneys for Defendant*

Pursuant to Local Rule 5-4.3.4(a)(2)(ii), the filer hereby attests that all other signatories to this document concur in the content of, and have authorized, this filing.

**ORDER**

The parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED.

Dated: January 19, 2017

Honorable Jean P. Rosenbluth
United States Magistrate Judge

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ____________________________ [print or type full name], of ________________________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Gregory P. Stokes and Marian N. Stokes v. Citimortgage, Inc.* on _________________ [Date]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order, even if such enforcement proceedings occur after termination of this action.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order.

I hereby appoint _____________________________ [print or type full name] of _______________________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ____________________________

City and State where sworn and signed: ___________________________

Printed Name: __________________________

Signature: ______________________________